CUMMINS (UNITED STATES v.). See Case No. 14,901.

CUMPTON (UNITED STATES v.). See Case No. 14,902.

CUNARD (JEWETT v.). See Case No. 7,-310.

CUNARD, The JOSEPH. See Case No. 7,-535.

---

## Case No. 3,477.

### CUNDELL v. PARKHURST.

[1 McA. Pat. Cas. 63; Cranch, Pat. Dec. 128.]

Circuit Court, District of Columbia. May Term, 1847.

POSITIVE AND CIRCUMSTANTIAL EVIDENCE.

[Circumstantial evidence tending to raise doubts as to the time of invention is overcome by positive testimony fixing the time definitely.]

Chas. M. Keller, for Cundell.
Geo. Gifford, for Parkhurst.
Mr. Fitzgerald, for commissioner.

CRANCH, Chief Judge. Appeal from the decision of the commissioner of patents refusing a patent to William Cundell because it interferes with an application by Parkhurst, the prior inventor of the same improvement of a machine for cleaning sheeps' wool from burrs, &c., the commissioner having decided that Parkhurst was the first inventor of the improvement. The commissioner's decision is as follows: "The improvement in dispute between the parties is the application of the zigzag or pointed guard to the furring machine. The testimony of James T. Johnston proves that the said Parkhurst showed the guard in question as early as the spring of 1845; and none of the witnesses testify to its invention by the said Cundell earlier than the summer of the same year. Priority of invention is therefore decided in favor of Ziba Parkhurst. This view of the case renders the decision of the interlocutory questions which have been raised in taking the testimony wholly unnecessary. February 2d, 1847." From this decision Mr. Cundell has appealed and assigned his reasons of appeal as follows: "Although the witness referred to does testify that Ziba Parkhurst described to him the improvement in question in the spring of 1845, and at a time anterior to the alleged invention of William Cundell, yet it will appear from the testimony on both sides that this witness erred in his statement of the time at which this communication was made to him; for it is clearly proved by the tes-

·timony that this improvement was made in consequence of the imperfect working of the original machine and to remedy a defect which was discovered after this machine was put in operation; and the whole of the testimony shows that this machine was not put in operation until the month of July, 1845, subsequent to the time at which the witness testifies the said improvement was described to him by Parkhurst. They therefore say, first, that the improvement which was the result of and suggested by the defective working of a machine could not have been described before the said machine was constructed and put in operation; and that, therefore, the commissioner of patents erred in giving credence to the statement by a witness of a date which all the circumstances of the case established by the testimony adduced on both sides clearly shows was the result of error."

By the act of March 3d, 1839, § 11 [5 Stat. 355], the commissioner of patents is to "lay before the judge all the original papers and evidence in the case, together with the grounds of his decision, fully set forth in writing, touching all the points involved by the reasons of appeal, to which the revision shall be confined." The only point involved in the reasons of appeal is the date of the conversation between Ziba Parkhurst and Joseph C. Johnson, in which the former showed the latter a drawing similar to Exhibit D, of a machine called a shipper or guard, to be applied to a burring-machine. Mr. Johnson thinks it was the latter part of the spring of 1848, but says he cannot name dates. He fixes the date, however, by recollection of another fact, to wit, that in May, 1845, Ziba Parkhurst went out to Erie county, Pennsylvania, and Ohio, and bought fifty or sixty thousand pounds of wool, and drew upon Johnson's house for it, who sold it on commission for him, and that that is his reason for knowing the time, and that he saw the machine before Ziba left Erie county, Pennsylvania. This witness, who is a merchant, appears to have testified fairly and impartially. No attempt is made to discredit him, unless by showing that he has mistaken the date of conversation. This is attempted to be done by proving facts supposed to be consistent with the testimony of this witness. None of the other witnesses carry the invention farther back than a few weeks after Stephen R. Parkhurst first departed from England, which appears to have been about the 1st of August, 1845; but they speak of the time when the invention was first applied to a machine in operation, not to the time of the invention itself, which necessarily precedes it. There is, therefore, no irreconcilable discrepancy between Mr. Johnson and the witnesses as to the time. But it is said by Mr. Cundell's counsel that the defects of the machine at No. 60 Vesy street led Ziba to suggest the improvement, and that the machine was not put into opera-

tion until the 18th of July, 1845. But I have not found any evidence that it was the defect in the working of that particular machine that suggested the improvement. Other burring machines had been before in use to which the new stopper might be an improvement and the defects of which might have suggested the improvement. Other circumstances have been given in evidence tending to throw some doubts as to the time of invention, but none which, in my opinion, outweigh the positive testimony of Mr. Johnson. I am, therefore, of opinion that Ziba Parkhurst has established his priority of invention of the zigzag guard to the burring machine, and is entitled to a patent therefor, and that the decision of the commissioner of patents be affirmed.

[NOTE. Patent No. 4,023 was granted to Stephen R. Parkhurst, May 1, 1845; reissued February 12, 1861 (No. 1,137). For other cases involving this patent, see note to Parkhurst v. Kinsman, Case No. 10,757.]